IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIZZIE McCAIN,                                No. CIV.S-05-0045 WBS DAD PS

      Plaintiff,

  v.

D.H.H.S. et al.,                              <u>FINDINGS AND RECOMMENDATIONS</u>

      Defendants.
_____/

      This matter came before the court on May 20, 2005, for hearing on defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Kyra Clark appeared on behalf of defendants. There was no appearance on behalf of plaintiff, who is proceeding pro se. Having considered all written materials submitted in connection with the motion, and after hearing oral argument, for the reasons explained below the undersigned will recommend that defendants' motion to dismiss be granted.

**LEGAL STANDARDS**

      A complaint, or portion thereof, should only be dismissed

1

for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  Furthermore, the court must construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**ANALYSIS**

By prior order the court dismissed plaintiff's amended complaint[1] with leave to amend pursuant to 28 U.S.C. § 1915. Plaintiff timely filed a second amended complaint.  However, defendants persuasively argue that the second amended complaint is still deficient.

More specifically, the second amended complaint, like the amended complaint, alleges no discernible claim for relief.  The second amended complaint only generally mentions "D.H.H.S. and C.P.S. here in Sacramento, California[,]" which the court presumes is a reference to Sacramento County's Department of Health and Human

---

[1] Plaintiff initiated this action by filing a complaint on January 7, 2005.  She filed an amended complaint as a matter of course on January 26, 2005.  See Fed. R. Civ. P. 15(a).

2

1  Services and Child Protective Services.  (Second Am. Compl. at 2.)
2  The second amended complaint attributes no particular conduct to
3  those agencies.  Nor does the second amended complaint attribute any
4  specific acts to the two state government agencies in Arkansas that
5  it apparently refers to, "D.H.H.S. in Hempstead County Arkansas and
6  SCAN [in] Little Rock Arkansas."  (Second Am. Compl. at 2.)  Thus,
7  like the amended complaint, the second amended complaint's
8  allegations simply do not amount to a short plain statement of a
9  claim showing that plaintiff is entitled to relief.  See Fed. R. Civ.
10 P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading
11 policy, a complaint must give fair notice and state the elements of
12 the claim plainly and succinctly.  Jones v. Community Redev. Agency,
13 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff's second amended
14 complaint is deficient in this regard.

15         The second amended complaint also does not set forth any
16 factual allegations giving rise to federal jurisdiction.  See Fed. R.
17 Civ. P. 8(a)(1).  The conclusory mention of "constitution[al] rights"
18 is insufficient in this regard.  (Second Am. Compl. at 2.)

19         Moreover, just like the amended complaint, the second
20 amended complaint contains no clear prayer for relief.  See Fed. R.
21 Civ. P. 8(a)(3).  Thus, the court is unable to ascertain what
22 plaintiff seeks to accomplish with this action.

23         Finally, similar to the allegation in the amended complaint
24 that "we have a right to know why you are trying to separate our
25 grandchild from [her] maternal family" (Am. Compl. at 1), the second
26 amended complaint vaguely alludes to an apparent series of events

3

involving plaintiff, her daughter, the County of Sacramento and an attorney (Second Am. Compl. at 2).  The second amended complaint alleges that the Department of Health and Human Services and Child Protective Services caused plaintiff "mental stress" and slandered plaintiff.  (Second Am. Compl. at 2.)  Nonetheless, as previously observed by the undersigned, to the extent plaintiff is attempting to challenge a state court child custody order, this court would almost certainly lack jurisdiction.  See Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (holding that domestic relations exception to federal jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees"); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-86 & n. 16 (1983) (holding that district courts do not have jurisdiction to review state court decisions or claims "inextricably intertwined" with the merits of the state court determination).

   The undersigned noted nearly identical deficiencies in the order dismissing plaintiff's amended complaint.  In that order, plaintiff was forewarned that a failure to file a second amended complaint complying with the court's directives would likely result in a recommendation that the action be dismissed.  As noted above, plaintiff's second amended complaint is still deficient and the undersigned finds that it fails to state a claim upon which relief can be granted.  Moreover, in light of the deficiencies cited above, any further attempt to amend would be futile.  See Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's second amended complaint be dismissed without further leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty (20) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 25, 2005.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddadl\orders.prose\mccain0045.f&r.mtd

5